# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Douglas Whisnant,

          Petitioner,

v.                                             Case No. 1:20-cv-4818-MLB

United States of America,

          Respondent.

_____/

## OPINION & ORDER

Petitioner Douglas Whisnant seeks habeas relief under 28 U.S.C. § 2241, challenging the calculation of his federal sentence by the Federal Bureau of Prisons (BOP). (Dkt. 1.) The United States opposes. (Dkt. 9.) Because this case has a somewhat complicated procedural history, the Court conducts a de novo review of Petitioner's motion while considering arguments the parties made outside those pleadings where appropriate.[1]

---

[1] Magistrate Judge Alan J. Baverman previously issued a Report and Recommendation (R&R) saying the Court should deny Petitioner's motion. (Dkt. 12.) The Court adopted that recommendation but later vacated its order, determining the BOP had not abused its discretion under 18 U.S.C. § 3621 in declining to retroactively designate the state facility where Petitioner served his state sentence as the facility where he served his federal sentence. (Dkt. 21 at 6.) The Court was concerned

## I.   Background

In March 2007, local law enforcement officers in Campbell County, Tennessee were investigating Petitioner in connection with the disappearance of a woman. *United States v. Douglas Whisnant*, Case No. 3:07-cr-32 (E.D.T.N.) ("*Whisnant*"), Dkt. 20. They obtained a search warrant for his home and found a bunch of guns concealed in a newly plastered wall. *Whisnant*, 20 at 7; (Dkt. 9-4.) The United States immediately charged Petitioner in the United States District Court for the Eastern District of Tennessee with being a felon in possession of a firearm and later added a claim that he also possessed an unregistered machine gun. *Whisnant*, Dkts. 2; 54. To effectuate his federal prosecution, federal authorities filed a writ to bring Petitioner into federal custody from state custody (where he was being held on a probation violation). *Whisnant*, Dkt. 3. Almost a year later, Tennessee charged Petitioner with murder, aggravated kidnapping, and theft. (Dkt.

---

with the "arbitrariness of Petitioner's situation" and referred the petition to Magistrate Judge J. Elizabeth McBath for reconsideration. (Dkt. 21 at 7.) She issued a second R&R, saying she could not "re-decide or review" the Court's conclusion about the BOP's designation decision. (Dkt. 39 at 10.) Having considered the issue further, the Court concludes it was wrong in finding the BOP had discretion to decide whether Petitioner's federal sentence runs concurrently with or consecutive to his state sentence.

2

1 at 10.)

Petitioner went to trial on the federal charges in October 2008. *Whisnant*, Dkts. 71; 73. A jury found him guilty, and the district court sentenced him to 300 months' imprisonment on the first count and a concurrent 120-month sentence on the second. *Whisnant*, Dkts. 73; 80; 81. The district judge and the federal prosecutor acknowledged Petitioner's "pending kidnapping and murder charges," but the judge said nothing about whether he intended for the sentence he imposed to run concurrently with or consecutive to any later-imposed state sentence. (Dkt. 46-1 at 15, 22–23.) The district judge spoke extensively about how he applied the factors set forth in 18 U.S.C. § 3553 to determine the appropriate sentence. (Dkt. 46-1 at 19–32.) Nothing suggests he considered the state charges in any way relevant to the federal charges or the sentence he imposed. And Petitioner never asked the Court to order his federal sentence run concurrently with any subsequent state sentence he might face on the murder, kidnapping, and theft charges.

About a month later, the United States returned Petitioner to state custody. *Whisnant*, Dkts. 85; 138 at 1. He pled guilty to second degree murder in May 2010. (Dkt. 1 at 9.) The state court sentenced Petitioner to 15 years' imprisonment and said the state sentence would run

concurrently with his federal sentence.  (*Id.*)  Petitioner served his 15-year state sentence in the custody of the Tennessee Department of Corrections.  (Dkt. 9-1 ¶¶ 13–14.)

In December 2019, Petitioner paroled from state custody and "was released to the U.S. Marshals Service to commence the service of his federal sentence."  (Dkt. 9-1 ¶ 14.)  Petitioner sought credit against his federal sentence for the time he had spent in state custody.  (Dkt. 9-1 ¶ 3.)  Because Petitioner's federal judgment "was silent on the issue of whether the federal sentence should be concurrent with or consecutive to any sentence later imposed in the state criminal cases," the BOP "interpret[ed]" federal law "to require the federal sentence to run consecutive to the state sentence."  (Dkt. 9-1 ¶¶ 18, 20.)  The BOP thus "interpreted [Petitioner's] request for credit as a request for retroactive concurrent (*nunc pro tunc*) designation" and, in line with BOP policy, "sought the position of the federal sentencing court as it pertain[ed] to Petitioner's federal sentence operating concurrently with his state sentence."  (Dkt. 9-1 ¶ 22.)

The district judge in Tennessee did not respond.  So, the BOP decided Petitioner's federal sentence must run consecutive to his state sentence, and his projected release date (presuming he receives all

available good-time credit) is March 2041. (Dkt. 9-1 ¶ 23.)

Petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241, arguing that, because the Tennessee state court intended his state sentence to run concurrently with his federal sentence, the BOP erred by not giving him credit for the time he spent in state custody against his federal sentence. (Dkt. 1.) The United States opposes. (Dkt. 9.)

II.  **Discussion**

This issue presented is—when a federal sentencing court is silent as to whether a sentence it imposes should run concurrently with or consecutive to a yet-to-be-imposed state sentence—who (if anyone) has the discretion to determine that question?[2]

Title 18, United States Code, section 3584 addresses consecutive

---

[2] In his objections to the second R&R, Petitioner also raises an issue about whether the BOP should credit six days of pre-trial detention to his federal sentence because it appears he was held in state custody "exclusively for federal charges." (Dkt. 42 at 5.) Petitioner complains that the second R&R did not address this issue. (Dkt. 42 at 6.) That's because Petitioner did not allege the BOP should have credited those six days in his § 2241 petition, nor did he address it in his brief supporting the petition. (Dkt. 28.) The first time he raised the issue was in a separate motion to the Magistrate Judge asking for an evidentiary hearing. (Dkt. 36.) So, the Magistrate Judge was not required to address that issue, and the Court declines to consider it in the first instance. *See Maldonado v. Jones*, 2020 WL 5519312, at *6 (S.D. Fla. May 1, 2020) (declining to consider argument raised for first time in reply brief and not raised in habeas petition or brief in support of habeas petition).

5

and concurrent sentences. The first sentence says that, if a court is imposing multiple terms of imprisonment at the same time (or imposing a term on a defendant who is already serving a sentence), the court can decide whether to impose concurrent or consecutive sentences. 18 U.S.C. § 3584(a). It also explains a court cannot impose consecutive sentences "for an attempt and for another offense that was the sole objective of the attempt." *Id.* The second two sentences impose presumptions when the sentencing court does not indicate its decision on the issue:

> [m]ultiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). Same time equals concurrent; different times equals consecutive.

Prior to 2012, circuit courts disagreed about whether the statute gave federal district courts the power to decide whether a federal sentence should run concurrently with or consecutive to a yet-to-be-imposed state sentence. *Elwell v. Fisher*, 716 F.3d 477, 483 (8th Cir. 2013) (discussing circuit split). The Supreme Court concluded district courts have that discretion in *Setser v. United States*, 566 U.S. 231, 236–

6

37 (2012). As part of that, it explained the presumptions set forth in § 3584(a) do ***not*** apply in this situation—that is, imposition of a federal sentence before a yet-to-be-determined state sentence. The Court concluded the statute "addresses only multiple terms of imprisonment imposed at the same time and a term of imprisonment imposed on a defendant who is already subject to an undischarged term of imprisonment." *Id.* at 235 (cleaned up). Nevertheless, the Court concluded the statute did not preclude a district court from making a concurrent or consecutive decision in the case of a yet-to-be-determined state sentence and that a court's obligation to consider the sentencing factors in 18 U.S.C. § 3553 in fashioning the appropriate sentence provides it the authority to decide whether to run a federal sentence concurrent or consecutive to a yet-to-be imposed state sentence.

*Setser*, however, did not say what happens when a federal sentencing court does not make that decision. Some courts have determined that, when the sentencing judge remains silent, the BOP has the exclusive authority to decide whether to run a federal inmate's sentence concurrently with or consecutive to a future state sentence. The Sixth Circuit, for example, concluded the BOP's authority to make that decision arose from two things: first, the BOP's authority under 18 U.S.C.

§ 3621(b) to "designate the place of the prisoner's imprisonment" (including its authority to retroactively designate a state facility as the place of service for a federal sentence) and, second, the assumption that, if the sentencing judge is silent, someone must decide the issue and "that someone is ultimately the BOP." *Dotson v. Kizziah*, 466 F.3d 433, 445–46 (6th Cir. 2020) (internal quotation omitted). Other courts have agreed. *Mangum v. Hallembaek*, 824 F.3d 98, 102–03 (4th Cir. 2016) (recognizing inapplicability of § 3584(a) presumptions and remanding case for BOP to "evaluate all relevant factors under 18 U.S.C. § 3621(b)" in making concurrent or consecutive decision); *Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2018) (BOP abused its discretion in applying § 3584(a) presumption in deciding whether to provide retroactive designation to state facility).[3] These courts typically require the BOP to consider, not

---

[3] The Eleventh Circuit has never addressed this issue, but it has recognized the BOP's authority to impose a nunc pro tunc designation, thereby "starting the federal sentence while the defendant is in state custody and running the federal and state sentences concurrently." *United States v. Tubby*, 546 F. App'x 869, 871 (11th Cir. 2013). Still, the Eleventh Circuit has never suggested the BOP has discretion to make a concurrent or consecutive decision. And the Court recognizes *Tubby* is unpublished and not binding but cites it nevertheless as instructive. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

only anything the sentencing judge might have said, but also the other factors enumerated in § 3621(b), including "the nature and circumstances of the offense," and "the history and characteristics of the prisoner." *See Pope*, 889 F.3d at 417 ("The BOP may weigh five factors [from § 3621(b)] when it considers a request for retroactive designation.").

The problem with those cases is that the Supreme Court in *Setser* rejected any suggestion the BOP has authority under § 3621 to make this decision. In that case, both the petitioner and the United States argued "that the concurrent-vs.-consecutive decision [for a yet-t-be-determined state sentence] is committed exclusively to the Bureau of Prisons." *Setser*, 566 U.S. at 235. The Court rejected that, concluding a district court can make that decision. But, it went further. The Court explained that § 3621 is a "not a sentencing provision but a place-of-confinement provision"—meaning it allows the BOP to decide where to designate an inmate but not the sentence to be imposed. *Id*. at 240. The Court recognized the statute allows the BOP to consider the "nature and circumstances of the offense" and the "history and characteristics of the defendant"—factors a district court must consider in fashioning the appropriate sentence under § 3553. *Id*. But, the statute also requires the BOP to consider the resources of a facility and whether a facility

9

meets the minimum standard of health and habitability—"factors that make little sense in the sentencing context." *Id.* The Court thus concluded the BOP could only consider the traditional sentencing factors as part of its designation decision. *Id.* The Court even recognized the inappropriateness of allowing this important sentencing decision "to be left to employees of the same Department of Justice that conducts the prosecution." *Id.* at 242. It is hard to read *Setser* as, in any way, allowing a BOP official to make this sentencing decision.

Recognizing this, a few other circuits have taken a different approach, concluding the BOP is bound by the presumptions in § 3584(a) when deciding between concurrent and consecutive sentences. *See, e.g.*, *Pickett v. Warden McKean FCI*, 726 F. App'x 104, 106 (3d Cir. 2018); *Elwell*, 716 F.3d at 484; *Newman v. Cozza-Rhodes*, 526 F. App'x 818, 823 (10th Cir. 2013). In *Elwell*, for example, the Eighth Circuit pointed out that while the Supreme Court in *Setser* "was not called upon to delineate the precise contours of the relationship between the BOP's § 3621 discretion and district courts' sentencing determinations," it "rejected an argument that the BOP possessed discretion relating to the application of § 3584(a)." 716 F.3d at 484. The Eighth Circuit concluded that "because § 3584 is not a source of authority or discretion for the BOP,"

10

the BOP must "appl[y] the default rule of § 3584 for sentences imposed at different times" and, when the federal sentencing judge is silent, must calculate the federal sentence to run consecutive to the state sentence. *Id.*

The problem with this second approach is that *Setser* held § 3584(a) does not apply to this situation. *Setser*, 566 U.S. at 234–35. *Setser* also made clear the BOP has no "discretion" to apply § 3584(a). *Id.* at 238 n.3 (rejecting argument that BOP "applies the default rules in § 3584(a) '[a]s a matter of discretion,'" as the BOP does not have such "'discretion'"). So, it is not as simple as requiring the BOP to follow the presumptions in § 3584(a).

So, what happens to prisoners like Petitioner? Neither side provides a good answer for who—if anyone—should decide whether a prisoner's federal sentence should run concurrently with or consecutive to a yet-to-be-imposed state sentence when the federal sentencing court is silent. It most certainly is not the BOP. As noted above, holding otherwise violates *Setser* and implicates "separation of powers issue," in which "the same branch of government that prosecutes federal prisoners determines concurrency in lieu of the judge." *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005); *see also Brown v. United States*,

11

748 F.3d 1045, 1071 (11th Cir. 2014) ("'Judgments, within the powers vested in the courts by the Judiciary Article of the Constitution, may not lawfully be revised, overturned or refused faith and credit by another Department of Government.'") (quoting *Chicago & S. Air Lines, Inc. v. Waterman, S.S. Corp.*, 333 U.S. 103, 113 (1948)).  So, who—if anyone—decides?

The answer lies in the fact that the authority given to federal district courts by *Setser* is discretionary.  While *Setser* says a federal sentencing court *can* fix its federal sentence to a yet-to-be-imposed state sentence, it doesn't say the court has to do so.  After all, the sentences may relate to separate cases in separate court systems that have nothing to do with one another.  Their resolution may be years apart.  The court may not know anything about the state charges or the sentence it might generate.  Or perhaps the charges could change drastically between the federal sentence and any state conviction.  And if they are related or should be considered at the same time, the parties can ask the federal sentencing court to decide this issue.  Such a request is not uncommon.  What would be uncommon is to assume a connection between separate cases simply because the latter one is anticipated.

So, when the federal sentencing court is silent as to the effect the

federal sentence will have in relation to the yet-to-be-imposed state sentence, that future state sentence has no impact whatsoever on the federal sentence (and vice versa).  The BOP is not to consider the state sentence at all—it simply enforces the federal sentence as it would any other sentence, including by making a facility designation and calculating the time remaining on the federal sentence.  This means, of course, that if the defendant served his state sentence first, the federal sentence will, in effect, run consecutively to the state sentence, as federal authorities will not have custody over the defendant until the state turns him or her over.  *See Butler v. Warden, FCC Coleman-Medium*, 451 F. App'x 811, 813 (11th Cir. 2011) (federal prisoner's sentence begins to run on date he or she is in federal custody).  This is true even if the state court intended the state sentence to run concurrently with the federal sentence, as a state sentencing court cannot bind a federal sentence to run concurrently with a state sentence. *Finch v. Vaughn*, 67 F.3d 909, 915 (11th Cir. 1995) ("[A] federal court is authorized to impose a federal sentence consecutive to a state sentence, although the state court explicitly made its sentence concurrent with the federal sentence.").  In those situations, if the state court wants to effectuate its intentions, it can—and should—order state authorities to hand the defendant over to

13

federal authorities to allow him or her to serve the federal sentence first. Indeed, the Tennessee state court could have done that here—but did not.[4]

In all likelihood, the BOP's error in thinking it had the authority to decide the issue does not change the outcome here. Petitioner's federal judgment said nothing about whether his federal sentence should run concurrently with or consecutive to any later-imposed state sentence— nor did the sentencing judge indicate his intent to have the federal sentence fixed in any way to the yet-to-be-imposed state sentence. And Petitioner did not ask the court to do so at his sentencing hearing. So, for practical purposes, Petitioner's federal sentence will run consecutively to his state sentence. But the BOP should not have applied

---

[4] Petitioner suggests Tennessee's failure in this regard was the result of "bad faith," particularly because Petitioner purportedly "bargained for" the concurrent state sentence with Tennessee. (Dkt. 42 at 1–2.) But there is no evidence to suggest Tennessee intentionally retained custody of Petitioner to render his federal sentence consecutive. Even if it did, Petitioner points to no law suggesting Tennessee's bad faith in this regard could affect the federal sentencing court's authority over Petitioner's federal sentence because the United States was not a party to any plea agreement he made with Tennessee. *See Finch*, 67 F.3d at 915 (federal court "is not bound by a state plea bargain unless the federal government directly or indirectly was involved in the state plea bargaining process").

14

§ 3584(a) in reaching this conclusion, as it had no discretion at all to make that decision. Instead, the BOP should have ignored the state sentence altogether, made a designation decision under 18 U.S.C. § 3621, and calculated the time remaining on Petitioner's federal sentence pursuant to 18 U.S.C. § 3585 (or any other statute) as it would any other federal sentence.[5]

All this is not to say § 3584(a) never allows the BOP to make retroactive designations such that the federal sentence—in fact—runs concurrently to the state sentence. Indeed, where the sentencing court

---

[5] The BOP has adopted a policy requiring that, in making a concurrent versus consecutive decision when the federal sentencing judge was silent, its officials contact the sentencing court to glean its intent. BOP Program Statement, DESIGNATION OF STATE INSTITUTION FOR SERVICE OF FEDERAL SENTENCE, January 16, 2003, at ¶ 9(b); (Dkt. 9-1 at 48). As authority, the BOP cites *Barden v. Keohane*, in which the Third Circuit first established the BOP's authority to engage in retroactive designations. (Dkt. 9-1 at 47–48.) *Barden*—particularly after *Setser*—does not confer sentencing authority. Nor—as explained above—does the BOP get that authority from § 3621(b). Because the BOP must give the state sentence no consideration at all, the BOP should not inquire with the sentencing judge about his or her intentions at the time of sentencing, as no matter what that judge says, the BOP cannot do anything but calculate the defendant's federal sentence under its normal policies. Maybe the defendant can move in the sentencing court to have his or her sentence amended or otherwise modified. The Court expresses no opinion in that regard. But the BOP cannot do that through an informal letter without any legally binding effect on the defendant's sentence.

orders that the federal sentence run concurrently to any later-imposed state sentence, the BOP might be *required* to make a retroactive designation to give effect to the court's order if the prisoner first serves his state sentence in state custody. In that instance, the BOP is enforcing the district court's sentencing determination, not exercising its own discretion. But when—like here—the sentencing court is silent as to its intentions, the BOP must not consider the state sentence at all in calculating the defendant's federal sentence.

Because the federal sentencing court did not fix Petitioner's federal sentence to his future state sentence, Petitioner fails to show he was entitled to receive the requested retroactive designation by the BOP. So, the Court denies his petition for habeas relief in part. But because the BOP erred in considering Petitioner's state sentence when calculating Petitioner's sentence, the Court grants the petition in part and directs the BOP to calculate Petitioner's federal sentence as it would any other federal sentence—without regard to his state sentence.[6]

---

[6] Petitioner also argued the BOP's calculation violates his due process rights, as he likely entered into a plea bargain with Tennessee partly based on Tennessee's "promise of a concurrent sentence." (Dkt. 28 at 2.) As Magistrate Judge McBath explained, "[t]here is nothing in the current record establishing" that the concurrent nature of the state sentence was part of any plea bargain, and "it is just as possible . . . that the concurrent

16

## III. Conclusion

The Court **REJECTS AS MOOT** the R&R (Dkt. 39), **GRANTS IN PART AND DENIES IN PART** Petitioner's motion under 28 U.S.C. § 2241 (Dkt. 1), and **DENIES AS MOOT** Petitioner's Motion for Leave to File Reply to Response to Objections to the R&R (Dkt. 45).

**SO ORDERED** this 19th day of September, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

sentence was simply a decision the state court judge made at the time of sentencing." (Dkt. 39 at 16.) Petitioner says the Magistrate Judge improperly reached that conclusion "after declining to hold a hearing and permit [Petitioner] to testify to that very fact." (Dkt. 39 at 2 n.1.) But Petitioner's request for an evidentiary hearing was not at all related to whether he was promised a concurrent state sentence in exchange for his guilty plea. Instead, he limited that request to evidence about whether he was entitled to six days of pre-detention credit as discussed above. (Dkt. 36.) And even if Petitioner could present evidence showing the concurrent nature of the state sentence was part of his plea bargain, he does not explain how Tennessee's potential violation of his due process rights has any impact on his federal conviction or his federal sentence. As already explained, the United States was not a party to that plea deal. So, while Tennessee's purported due process violation might affect his state conviction, it cannot compel the United States to do anything regarding his federal sentence.